UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LINZY BELLON,<br><br>　　Petitioner,<br><br>　　v.<br><br>WARDEN BRIAN WILLIAMS, *et al.*,<br><br>　　Respondents. | Case No. 3:19-cv-00118-RCJ-WGC<br><br>**ORDER GRANTING<br>MOTION TO DISMISS<br>(ECF NO. 15)** |

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, by Robert Linzy Bellon, a Nevada prisoner. The respondents have filed a motion to dismiss. The Court will grant that motion, dismiss this action, and deny Bellon a certificate of appealability.

Bellon was convicted of murder after a jury trial and was sentenced to two consecutive sentences of life in prison without the possibility of parole. *See* Amended Judgment of Conviction, Exh. 1 (ECF No. 16-1). The events that were the subject of Bellon's conviction occurred before Bellon turned eighteen years old. After Bellon's conviction, the Nevada legislature enacted NRS § 213.12135, which, as it applies to Bellon, provides:

> Notwithstanding any other provision of law ... a prisoner who was sentenced as an adult for an offense that was committed when he or she was less than 18 years of age is eligible for parole as follows:
>
> 　　　\*　　\*　　\*
>
> (b) For a prisoner who is serving a period of incarceration for having been convicted of an offense or offenses that resulted in the death of only one victim, after the prisoner has served 20 calendar years of incarceration, including any time served in a county jail.

1

NRS § 213.12135. In his petition in this case, Bellon challenges the State's calculation of his parole eligibility date under NRS § 213.12135. *See* Petition for Writ of Habeas Corpus (ECF No. 1). Specifically, as the Court understands Bellon's argument, he contends that the 20-year period described in the statute includes time incarcerated on convictions other than the one for the crime that caused the death. *See id.* He asserts that in not giving him credit toward the 20-year parole eligibility period for time served on another conviction, the State has violated his federal constitutional rights. *See id.*

In their motion to dismiss (ECF No. 15), filed July 8, 2019, Respondents argue that Bellon's petition is not cognizable in this federal habeas corpus action because success on his claims would not necessarily result in his immediate or earlier release from custody, and because it presents a question of state statutory construction, beyond the scope of this federal habeas court. Bellon filed an opposition to the motion to dismiss on July 18, 2019 (ECF No. 17). Respondents replied on July 25, 2019 (ECF No. 18).

In support of their first argument, Respondents cite *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). In *Nettles*, a prisoner serving a life sentence with the possibility of parole was found guilty of a disciplinary infraction, resulting in revocation of 30 days of good time credits and affecting his eligibility for parole. *Nettles*, 830 F.3d at 925–26. Nettles filed a federal habeas petition seeking expungement of the rule violation report. *Id.* at 927. The Ninth Circuit held that Nettles' claim was not cognizable in habeas. *Id.* at 934–35. The court reasoned that habeas relief is not available for "probabilistic claims," *i.e.*, where success on the claims "*could potentially* affect the duration of confinement" or is "*likely* to accelerate the prisoner's eligibility for parole." *Id.* at 933–34 (internal quotation marks omitted) (emphasis in original). Essentially, the court determined that the claim was not cognizable in habeas because, if successful, the petitioner's claim would not necessarily have resulted in his immediate or earlier release from custody. *Id.* at 935. The situation in this case is much the same as that in *Nettles*. Success on Bellon's claims would not necessarily lead to his immediate or speedier release from

1 custody; it would only result in earlier consideration by the parole board. Bellon's claims are not cognizable in this federal habeas corpus action. The Court will grant Respondents' motion to dismiss.

In addition, and as an alternative basis for the dismissal of this action, the Court determines that Bellon's petition does not make a colorable claim of a federal constitutional violation. Bellon appears to claim that the State violated his liberty interest in parole consideration at a particular time. *See* Petition for Writ of Habeas Corpus (ECF No. 1). However, the Nevada Supreme Court ruled as follows in affirming the denial of Bellon's state habeas petition making the same claim:

> Even though Bellon is serving a sentence of life without the possibility of parole for a first-degree-murder conviction, NRS 213.12135 affords him parole eligibility because he was a juvenile at the time of the offense and the offense resulted in the death of only one victim. In particular, Bellon is eligible for parole on the sentence for the murder after he "has served 20 calendar years of incarceration." NRS 213.12135(1)(b). Interpreting that statute, NDOC appropriately concluded that Bellon was not eligible for parole until he served 20 calendar years *on the murder conviction.* We reject Bellon's argument that the 20 calendar years he must serve before being eligible for parole under NRS 213.12135(1)(b) includes the time that he served on now-expired sentences for unrelated offenses that also were committed when he was a juvenile.

Order of Affirmance, Exh. 17, pp. 1–2 (ECF No. 16-17, pp. 2–3). This ruling by the Nevada Supreme Court, interpreting a Nevada statute, is authoritative, and beyond the scope of this federal habeas corpus action. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law ... binds a federal court sitting in habeas corpus."). In light of the Nevada Supreme Court's interpretation of NRS § 213.12135, Bellon does not have a liberty interest, under NRS § 213.12135, in being considered for parole on the schedule that he suggests.

For these reasons, this Court will grant Respondents' motion to dismiss and will dismiss this action.

The standard for the issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). Applying the standard articulated in *Slack*, the Court finds that a certificate of appealability is unwarranted here.

The Court will, therefore, deny Bellon a certificate of appealability. (This does not preclude Bellon from appealing, by filing a timely notice of appeal in this Court and seeking a certificate of authority in the Ninth Circuit Court of Appeals.)

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is dismissed.

**IT IS FURTHER ORDERED** that Petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

DATED THIS 20th day of December, 2019.

_____
ROBERT C. JONES,
UNITED STATES DISTRICT JUDGE